Mary V. Walker v. John R. Walker.

---

## MARY V. WALKER *vs.* JOHN R. WALKER.

[BILL FOR DIVORCE]

1. *Motion to dismiss; rule as to time.*—Where a decree for a divorce was entered or enrolled, on 20th November, 1866, and an appeal from said decree was taken, on 20th February following, the appeal is in time

2. *Decree pro confesso; untimely taken.*—The order of the register required, (Code, § 13; section 30, article 4, Constitution of Alabama,) that the defendant should answer, or demur, on or before the 8th day of May, 1866; on the 14th day of May, 1866—less than thirty days from the last date—the complainant asked, and obtained a decree *pro confesso;* this was error.—Act of 8th February, 1858, p. 230.

APPEAL from the Chancery Court of Russell.
Heard before Hon. N. W. COCKE, Chancellor.

THIS was a bill for a divorce filed by John R. Walker against his wife, Mary V. Walker, charging adultery

There was a decree rendered in his favor, from which she appealed. The statement of facts, in the opinion of the court, upon the points on which the decision turns, is full to those points, and no further statement is necessary.

There was a motion to dismiss the appeal.

G. D. & G. W. HOOPER, and W. C. McIVER, for appellant. L. F. McCOY, *contra.*

A. J. WALKER, C. J.—The decree in this case is dated, and was entered on the 20th November, 1866, and is to be regarded as enrolled on that day.—*Ansley v. Robinson,* 16 Ala. 793. The appeal was taken on the 20th February, 1867. The time within which an act is required to be done is computed by excluding the first and including the last day.—Code, § 13. According to this computation, the appeal was taken within three months from the enrollment of the decree, as required by the 30th section of the 4th article of the constitution. The motion to dismiss the appeal, therefore, is overruled.

2. The register's order of publication required that the defendant should answer on or before the 8th day of May, 1866. The decree *pro confesso* was taken on the 14th day of May, 1866, only six days after the appointed time of answering. The 4th section of the act of 8th February, 1858, p. 230, prescribes that the decree *pro confesso* may be entered after thirty days from the time specified in the order of publication to answer. The decree *pro confesso* was, therefore, taken too soon, and the court erred in proceeding to a decree final, *ex parte,* as to the defendant upon the decree *pro confesso.*

Reversed and remanded.